Good morning, your honors. My name is Ben Coleman. I represent the appellant, Mr. Herrera. If you stand by for just a moment, let counsel get settled. You ran very well. You may proceed, counsel. Thank you. My name is Ben Coleman. I represent the appellant, Mr. Herrera. Unless the court had a different preference, I was going to jump to the second issue and try to focus my comments on that. I'll watch the clock and try to save a few minutes for rebuttal. Okay. And how do you characterize the second issue? The second issue is the challenge to the aiding and abetting the manufacturer prong of the conspiracy conviction. But isn't that precluded by the law of the case? Well, that was the first question I wanted to address was procedurally whether I can make this argument now. It's our position that it's not for two reasons. We believe that there have been two subsequent developments in the law since this Court issued its unpublished memorandum a few years ago that undermine what this Court previously held. The first is that from a procedural standpoint, this Court reviewed that claim for plain error. Since that time, this Court has clarified in a published opinion that if you make a Rule 29 motion at the close of the government's case, and that is, in fact, the close of all the evidence, that that is sufficient to preserve de novo review. And that's exactly what occurred in this case, which is that the defense made a Rule 29 motion at the close of the government's case, which was also the close of all the evidence, and therefore, this Court should be conducting de novo review. And that's the Esquivel-Ortega case, which came out after this Court's first decision. Secondly, it's our position that the Santos decision from the Supreme Court, which came out after the first decision, has sort of announced this merger problem rationale, and that that is essentially the basis of our argument, and that therefore, based on the Supreme Court's subsequent decision in Santos, that this Court can revisit and should revisit the issue. It's our opinion that based on the Second Circuit's case in Peroni, which is a case that we heavily cited in quoting our reply brief, and on Santos and other Supreme Court cases, that in a case such as this, where the defendant engages in no additional conduct other than selling a listed chemical, that he should only be held accountable under the 841C provision and not for the enhanced penalties under 841A. It's our position that the government, number one, did not charge, and number two, did not argue at trial that Mr. Herrera engaged in any other conduct other than selling a listed chemical, and that therefore, that is the state of the evidence, and that this Court should only invalidate the 841A prong of the conspiracy condition. All right, counsel. Anything further? If there are no questions, I will. Very well. Well, I'll ask this one question. If we were to agree with you on every point you make, what would happen to your client's sentence? I believe it would go down dramatically. He received a sentence of 30 years. If he was only convicted of an 841C as opposed to an 841A, I believe his guidelines would drop to about the 15- to 20-year range, so he would potentially, he would still obviously be facing a very substantial sentence, but his sentence would go down to maybe 10, maybe even more, to 15 years. I think he's not elderly, but he's certainly someone who actually, if he received this benefit, may actually get out of prison alive, whereas with the 30-year sentence, given his age, I think the chances of him... And how old is he? I should know, but I don't. You know, I can look the PSI up, but I think he's in his 50s. Okay. So it's a 30-year sentence. In a way, the survival time for people in prison, chances probably are not great. They don't get out alive. Okay. Very well. Thank you. We'll hear from the government. May it please the Court. Tracy Wilkerson on behalf of the United States. I will address the argument that was just raised by defense counsel. I believe that the correct answer is, as Your Honor said, which is that the argument is precluded by law of the case. Van Alsten said that for an intervening change in the law to have occurred, there must be a new case which plainly does not square with existing precedent or overrules it. And what about Santos? Santos is not a case that in respect to the question of can you charge conspiracy to aid and abet the manufacture of methamphetamine and illegal possession of psuedofedrin in the same count. It didn't address that question at all. It didn't look at drugs at all. It didn't have anything to do with that. And so his best argument in this point is an extrapolation point. I extrapolate from the way that they argued that this must also be true. That simply cannot be an intervening change in the law that would require this Court to review this case. And I just don't think that this is the sort of situation that Van Alsten was looking for. This is not a situation where the law of the case should be disturbed. Similarly with Escobar Ortega. Escobar Ortega did not change the scheme of the law. It simply applied existing law to the facts in that case. And the facts in this case, the previous panel looked at the case, the facts in this case and said plain error is the scheme that should be looked at. That's all I have on that particular point. If there are no further questions from the Court. Roberts. No further questions. Thank you, counsel. Any rebuttal? Pardon? Mr. Rare is actually 66 years old. I just looked at the percentage. Sixty-six. So this would obviously substantially benefit him. Even though today the government I don't think is disputing the merits of our claim or at least they haven't articulated an argument, although I know they did in their briefs. They're actually trying to foreclose us on procedural grounds. And it would just be my point that if the Court believes that we're right on the merits, it would seem to me out of fundamental fairness there would be no reason not to disturb, not to vacate this one aspect of the conviction. I don't think it is any substantial harm to the government that this individual may wind up only serving 15 to 20 years as opposed to 30 years. And out of fundamental fairness, I think the Court should, if the Court agrees with the merits, should vacate that aspect of the conviction. Very well. Thank you, counsel. Mr. Rare, there are multiple arguments. The focus today has been much narrower, and I appreciate that. But I want to be clear as to what is it that you think the government has not contested your position on the merits. I mean, what's the merits? I'm just saying today that oral argument they did not address the merits of the issue that arose at oral argument. Yes. They obviously did that in their briefs. They're in the briefs, certainly. All right. Thank you, counsel. The case just argued will be submitted for decision. And we will hear argument next in Coleman v. Estes Express Lines.
judges: O'scannlain, W. Fletcher, Clifton, Cjj